IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

RICHARD HOWARD BEALL, JR. #13801    *

    Plaintiff,    *

v.    *    Civil Action No. GJH-16-3438

CLIFTON T. PERKINS HOSPITAL
CENTER, *et al.*,    *

    Defendants.    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On October 13, 2016, Plaintiff Richard Howard Beall, Jr. filed the instant Complaint pursuant to 42 U.S.C. § 1983, alleging he was subjected to excessive force in violation of the Eighth Amendment. The Court granted Beall's Motion for Leave to Proceed *in forma pauperis* on October 24, 2016 and directed him to supplement his Complaint by stating: 1) how each Defendant participated in the incident alleged; 2) the date of the alleged incident; 3) what physical harm, if any he suffered; and 4) whether he attempted to resolve his concerns through the administrative remedy (ARP) process and the results. Beall filed supplements to the Complaint on October 24 and November 2, 2016. ECF No. 4; ECF No. 5.

The supplement filed on October 24, 2016 is unresponsive to the Court's Order. Beall asks to name additional defendants, including President Barack Obama, but does not allege how these individuals participated in the alleged excessive force incident. ECF No. 4. Beall's November 2, 2016 supplement alleges that in May of 2016, Defendant Macully used excessive

force against him by putting a pen to his neck and pushing his head backward. ECF No. 5 at 3.[1]
As relief, Beall asks for $40 million in damages, for his immediate release, for expungement of his criminal history and for "NATO troops to fly in [and] take over the Department of Mental Health [and] Hygiene." *Id.*

## I. DISCUSSION

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 555 (2007). The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561. The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

The *in forma pauperis* statute permits an indigent litigant to initiate an action in federal court without paying the filing fee. 28 U.S.C. § 1915(a). To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court recognizes Beall is a self-represented litigant and accords his Complaint liberal construction. With the exception of Defendant Macully, however, the Complaint fails to state a claim against Defendants.

In order for liability to exist under 42 U.S.C. § 1983, there must be personal involvement by the defendant in the alleged violation. *Vinnedge v Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977);

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994); *see also Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976). In the Complaint and supplement, Beall alleges only Defendant Macully was personally involved in the excessive force incident. To the extent Beall names other Defendants based on their supervisory authority, the allegations fail to satisfy the requirements for establishing supervisory liability, and these Defendants are entitled to dismissal from suit. *See Shaw*, 13 F. 3d at 799. Further, because it is sued under § 1983, Defendant Clifton T. Perkins Hospital Center will be dismissed because it is not a "person" subject to suit under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Clark v. Md. Dep't of Public Safety and Corr. Services*, 316 F. App'x. 279, 282 (4th Cir. 2009) (noting that "state departments and agencies considered to be 'arm[s] of the state'" are not amenable to suit under § 1983).

Accordingly, this case will be dismissed without prejudice for failure to state a claim upon which relief may be granted against Defendants Clifton T. Perkins Hospital Center, Tom Lewis, Director Robinson, Governor Lawrence (Larry) Hogan, "Nursing Staff 2 East," Adam Hocker, "Security Staff," Dr. Khalid Elsayed, Dr. Sammeer Patel, Paul Vince, Inna Tallar, Valirie Grimes, "Nursing Staff," "Security Officers," and President Barack Obama, "also known as Ike."

Service shall proceed only on Defendant Macully. Counsel for the Department of Health and Mental Hygiene shall file within twenty-eight days a report on Beall's mental health status to assist the Court in deciding whether appointment of a guardian ad litem is necessary. A separate Order follows.

2/2/2017
Date

_____
GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE